UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:99-CR-101-CRS
CRIMINAL ACTION NO. 3:99-CR-143-CRS

UNITED STATES OF AMERICA																												PLAINTIFF

v.

CARLOS FREEMAN																														DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on the United States' Objections to the Report and Recommendation of Magistrate Judge Colin Lindsay. Pursuant to 28 U.S.C. § 3002(9), the United States requested that the Court issue a Writ of Continuing Garnishment against the substantial nonexempt property of Carlos Freeman. Application, DN 41 in 3:99-CR-101. In response, Freeman timely requested a hearing and transfer to the Eastern District of Kentucky. Motion, DN 43 in 3:99-CR-101. This Court referred the matter to Magistrate Judge Lindsay, Order, DN 46 in 3:99-CR-101, who issued a Report recommending that Freeman's Motion to Transfer be granted. Report, DN 48 in 3:99-CR-101.[1] The United States timely filed Objections to Judge Lindsay's Report. Objections, DN 49 in 3:99-CR-101. For the reasons stated below, the Court will overrule the United States' Objections and adopt Judge Lindsay's recommendation that the matter be transferred to the Eastern District of Kentucky.

## BACKGROUND

On March 3, 2000, Freeman pleaded guilty to two counts of aiding and abetting bank robbery and one count of use of a firearm during a violent crime. Plea Agreement, DN 16 in 3:99-CR-101. The Court sentenced Freeman to 138 months in prison, a $400 assessment, and

---

[1] The Report and Recommendation was entered in both case no. 3:99-CR-101 and case no. 3:99-CR-143.

restitution in the amount of $130,224.38. Judgment and Commitment order, DN 24 in 3:99-CR-101.

On December 6, 2023, the United States requested that the Court issue a Writ of Continuing Garnishment against Freeman's substantial nonexempt property to recover Freeman's then remaining balance of $107,459.05. Application, DN 41 in 3:99-CR-101 at 27. Specifically, the United States sought to compel Freeman's employer to pay twenty-five percent of Freeman's disposable earnings pursuant to § 3002(9) of the Federal Debt Collection Procedures Act (FDCPA). *Id*. at 28. On December 18, 2023, Freeman's employer filed an answer confirming that it would garnish twenty-five percent of Freeman's earnings weekly. Answer, DN 44 in 3:99-CR-101 at 73.

Also on December 18, 2023, Freeman timely filed a motion requesting a hearing and transfer to the Eastern District of Kentucky where he resides. Motion, DN 43 in 3:99-CR-101 at 57-58. Specifically, Freeman requested a hearing on the grounds that the property sought by the United States was exempt and that the United States did not comply with the statutory requirements for the issuance of the post-judgment garnishment. *Id*. However, Freeman did not attach an Exemptions Claim Form or specify which requirements the United States failed to meet. *Id*. Freeman also included a monthly cash flow statement and a handwritten note that he objected to the garnishment and that paying twenty-five percent of his earnings would leave him and his family homeless. *Id* at 60, 68-69. The United States filed a response, contending that each of Freeman's requests should be denied because Freeman "failed to state any statutory exemption to the garnishment or what statutory requirements the United States failed to comply with." Response, DN 45 in 3:99-CR-101 at 78, 80-81. This Court referred the matter to Magistrate Judge Lindsay for a report and recommendation. Order, DN 46 in 3:99-CR-101.

Judge Lindsay has recommended that the Court grant Freeman's Motion for Transfer. Report, DN 48 in 3:99-CR-101 at 89. Because of this recommendation, Judge Lindsay did not reach the question of whether Freeman is entitled to a hearing. *Id*. The United States has just one objection to Judge Lindsay's Report: the Court need not reach the issue of transfer because Freeman is not entitled to a garnishment hearing. Objections, DN 49 in 3:99-CR-101 at 90.

## LEGAL STANDARD

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which a party has filed a timely and specific written objection. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3). Specific objections "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). To the extent that no objection is filed, the arguments are waived. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 147–48 (1985). The Court may accept, reject or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

The FDCPA provides that "[i]f the debtor so requests, within 20 days after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2)). Judge Lindsay has recommended that because Freeman's transfer request was timely, the matter should be transferred for a hearing if the

transferee court deems necessary. Report, DN 48 in 3:99-CR-101 at 89. The United States objects that under 28 U.S.C. § 3202(d), the only available grounds for Freeman to challenge the garnishment are "(1) whether he has stated a valid claim for exemption and (2) whether the government complied with the statutory requirements for garnishment." Objections, DN 49 in 3:99-CR-101 at 91. The United States argues that because Freeman provided no support for his claim of exemption or his claim that the United States failed to comply with a statutory requirement, his objections are without merit and "a hearing would not be fruitful in this matter". *Id*. at 91-92. Accordingly, the United States contends the Court "need not reach the transfer issue" and should instead deny Freeman a hearing. *Id*. at 90.

The United States' objection is essentially the same argument presented to and rejected by Magistrate Judge Lindsay. *See* Response, DN 45 in 3:99-CR-101 at 78, 80-81. As such, it is not a specific objection as contemplated by 28 U.S.C. § 636. *Aldrich*, 327 F. Supp. 2d at 747. The objection is improper for this reason alone.

The United States' objection is also unpersuasive. True, § 3202(d) limits the issues a debtor may raise at a hearing pursuant to that section, and Freeman has not supported his claims under those enumerated issues. *See* Motions, DN 43 in 3:99-CR-101. But Freeman also claims financial hardship, *id*. at 60, and § 3202(d) "is not the sole avenue for a debtor to contest the Government's writ of garnishment." *United States v. Crowther*, 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007). Specifically, § 3013 of the FDCPA vests in courts the discretion to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013. And many courts have found that the discretion afforded by § 3013 permits the court to consider financial hardship to the defendant and limit the government's enforcement remedies accordingly. *See, e.g.*, *United States v. Buckhalter*, No. CR

4

5:19-205-KKC-01, 2023 WL 3994353, at *2 (E.D. Ky. June 14, 2023) (citations omitted) (finding that under § 3013, "economic distress can be a cognizable ground for relief . . ."); *United States v. Quizon*, No. 18-CV-51277, 2019 WL 13199702, at *1 (E.D. Mich. Apr. 8, 2019) (same); *United States v. Robinson*, No. 19-CV-50046, 2019 WL 560259, at *2 (E.D. Mich. Feb. 12, 2019) ("Whether the garnishment is reasonable, or whether it risks [Defendant's] ability to support her minor children, is a fact question deserving of a hearing under § 3013."); *United States v. Woods*, No. CRIM. 97-0157-WS-C, 2010 WL 4386900, at *2 (S.D. Ala. Oct. 29, 2010) ("Insofar, then, as Woods' objection is that the garnishment of 25% of his disposable earnings is inequitable or excessive based on his individual circumstances, he is entitled to present that argument for the Court's consideration via timely hearing."). The Court does not here decide whether Freeman's claim of financial hardship warrants a hearing under § 3013. But because the transferee court may elect to follow the authorities permitting consideration of financial hardship, this Court cannot say that transfer would be fruitless. Thus, the United States' objection will be overruled.

A separate order and judgment will be entered this date in accordance with this Memorandum Opinion.

September 27, 2024

Charles R. Simpson III, Senior Judge
United States District Court